## CHARGE OF COURT IN SUIT ON NOTE.

Circuit Court of Cuyahoga County.

H. C. Odenkirk v. Katherine Higgins.

Decided, June 28, 1910.

*Promissory Note—Joint Makers—Relationship Between them of Principal and Surety—Notice to Payee.*

In a suit on a promissory note against one of two joint makers, it is error to refuse to charge that the plaintiff is not bound by the relationship of principal and surety alleged by the defendant to exist between the joint makers, unless he had notice of that relation when he took the note.

*Parsons & Fitzgerald,* for plaintiff in error.
*Charles S. Beardsley,* contra.

Henry, J.; Winch, J., and Marvin, J., concur.

The parties here stand as they stood below. There the action was commenced under the statute against the defendant in error as one of two joint makers of a promissory note. The answer averred that said defendant was to the knowledge of the plaintiff, a surety only and that the plaintiff having released the other joint maker the defendant was thereby also released. The defendant recovered a verdict and judgment, which are here sought to be reversed as being against the weight of the evidence and also for error in the charge.

We find sufficient evidence to support the verdict. As to the charge, the court was asked to instruct the jury that the plaintiff was not bound by the relationship of principal and surety alleged to exist between the joint maker of the note, unless he had notice of that relation when he took the note. Despite the conflict of authority, we think the court should have so charged. *Rawson* v. *Taylor,* 30 Ohio St., 389. Compare also Section 5832, Revised Statutes of Ohio.

For this error the judgment is reversed and the cause remanded.